01
02
03
04
05
06
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
07
AT SEATTLE

08 BISMARK USEA,                                )    CASE NO. C05-1755-JCC
                                                )
09       Petitioner,                            )
                                                )
10    v.                                         )    REPORT AND RECOMMENDATION
                                                )
11 MICHAEL CHERTOFF, et al.,                     )
                                                )
12       Respondent.                             )
   _____ )
13

14                    **INTRODUCTION AND SUMMARY CONCLUSION**

15       Petitioner Bismark Usea is a native of Ghana and a citizen of Norway.  On October 18,

16 2005, petitioner, appearing through counsel, filed this Petition for Writ of Habeas Corpus under

17 28 U.S.C. § 2241, seeking declaratory and injunctive relief.  (Dkt. #1).  Petitioner argues that the

18 Board of Immigration Appeals ("BIA") denied him procedural due process when it denied

19 petitioner's motion to reopen his immigration proceedings and mailed the decision to the wrong

20 address.  Petitioner requests an order directing respondents to release him pending his Petition for

21 Review in the Ninth Circuit Court of Appeals.  Respondents have moved to dismiss for lack of

22 jurisdiction.

REPORT AND RECOMMENDATION
PAGE -1

01      Having reviewed the entire record, I recommend that the portion of petitioner's habeas

02  petition challenging his detention be DENIED, and that the portion of petitioner's habeas petition

03  challenging the denial of his motion to reopen be TRANSFERRED to the Ninth Circuit Court of

04  Appeals pursuant to 28 U.S.C. § 1631.

05               **BACKGROUND AND PROCEDURAL HISTORY**

06      Petitioner Bismark Usea is a native of Ghana and a citizen of Norway.  On or about

07  October 5, 2001, the Department of Homeland Security ("DHS") issued a Notice to Appear,

08  charging petitioner as inadmissible for having made a false claim to United States citizenship.

09  Petitioner admitted the facts contained in the Notice to Appear and conceded removability.  As

10  relief from removal, petitioner requested asylum and withholding of removal pursuant to section

11  208 and 243 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158.  On May 2, 2002,

12  the Immigration Judge ("IJ") denied his applications for asylum and withholding of removal,

13  finding that petitioner's request for asylum was time barred because it was filed more than one

14  year after his date of entry, but granted petitioner voluntary departure.  On October 6, 2003, the

15  BIA affirmed the IJ's decision.  Petitioner timely appealed the BIA's decision to the Ninth Circuit

16  Court of Appeals.  On November 23, 2004, the Ninth Circuit dismissed the appeal.  (Dkt. #1, Ex.

17  2).

18      On February 2, 2005, petitioner filed a motion with the BIA to reopen his removal

19  proceedings based on recent changes in the law.  On March 11, 2005, the BIA issued its decision

20  denying petitioner's motion to reopen his removal proceedings.  (Dkt. #10, Ex. 2).  Petitioner

21  alleges that the BIA mailed the decision to the incorrect address.  (Dkt. #1, Ex. 2).

22      On September 12, 2005, the DHS arrested petitioner.  At that time, petitioner was

REPORT AND RECOMMENDATION
PAGE -2

01 informed that the BIA had denied his motion to reopen his removal proceedings.     *Id.*   On

02 September 22, 2005, petitioner filed a new motion to reopen with the BIA and a request to reissue

03 the BIA's March 11, 2005, decision.

04       On October 18, 2005, petitioner filed the instant habeas petition, seeking review of the

05 denial of his request to reopen removal proceedings "on the ground that the BIA denied the

06 Motion to Re-Open in a manner contrary to the United States Constitution and the INA." (Dkt.

07 #1 at 4).

08       On November 21, 2005, the BIA, recognizing that a mailing error had occurred, granted

09 petitioner's request to reissue its March 11, 2005, decision.  The decision states that, "the decision

10 will be reissued and treated as if entered on today's date." (Dkt. #10, Ex. 1).  On December 7,

11 2005, petitioner timely filed a petition for review in the Ninth Circuit and requested a stay of

12 removal.  Petitioner's appeal is currently pending with the Ninth Circuit.

13       On December 13, 2005, petitioner submitted a written request to ICE Field Office Director

14 A. Neil Clark that he be released pursuant to INA § 241(a)(3), 8 U.S.C. § 1231(a)(3). (Dkt. #10,

15 Ex. 4).  On February 15, 2006, petitioner also filed a motion for release with the Ninth Circuit,

16 seeking his release on bond pending adjudication of his Petition for Review.  (Dkt. #14, Ex. 1).

17 **<u>DISCUSSION</u>**

18       A.    <u>Jurisdiction</u>

19       Petitioner argues that the BIA violated due process when it denied his motion to reopen

20 his removal proceedings based on the Ninth Circuit's decision in *United States v. Karaouni*, 379

21 F.3d 1139 (9th Cir. 2004), and when the BIA failed to timely mail its decision to the correct

22 address. Respondents argue that the Court lacks jurisdiction under the REAL ID Act to review

REPORT AND RECOMMENDATION
PAGE -3

01  petitioner's claims challenging the denial of his motion to reopen.[1]

02        Pursuant to Section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231

03  (codified at 8 U.S.C. § 1252), the exclusive means of asserting a challenge to a final order of

04  removal and matters dependent thereon, such as the one challenged herein, is to file a Petition for

05  Review with the appropriate court of appeals, which in this case is the Ninth Circuit Court of

06  Appeals.  INA § 242(a)(5), (b)(2), 8 U.S.C. § 1252(a)(5), (b)(2);  *see also* INA § 242(b)(6), 8

07  U.S.C. § 1252(b)(6)("When petitioner seeks review of an order under this section, any review

08  sought of a motion to reopen or reconsider the order shall be consolidated with the review

09  order.").  Accordingly, claims by petitioner in which he challenges his order of removal may not

10  be considered in this habeas corpus action. [2]  Nonetheless, petitioner's separate claim that he is

11  entitled to release from detention pending review of his appeal by the Ninth Circuit is properly

12  before the district court on petition under 28 U.S.C. § 2241.  Petitioner requests in his response

13  to respondents' motion to dismiss that, if the Court lacks jurisdiction to review his claims, his case

14  be transferred to the Ninth Circuit Court of Appeals.  (Dkt. #11 at 2).  Respondents have stated

15  that they have no opposition to a transfer of this case for consolidation with petitioner's Petition

16  for Review.  (Dkt. #12 at 6).  Accordingly, the Court recommends that the portion of petitioner's

17  habeas petition challenging the BIA's denial of his motion to reopen be transferred to the Ninth

18

19  _____

20      [1] The Government has withdrawn its argument that this Court lacks jurisdiction to
entertain that portion of petitioner's habeas petition seeking his release from detention *pendente*

21  *lite*.  (Dkt. #15).

22      [2] Petitioner challenges removal based upon alleged due process violations arising out of
his non-receipt of the BIA's denial of his motion to reopen and the resulting inability to submit a
timely appeal to the Court of Appeals.

REPORT AND RECOMMENDATION
PAGE -4

01 Circuit Court of Appeals under 28 U.S.C. § 1631.[3]  Because the REAL ID Act does not require

02 or justify the transfer of petitioner's constitutional due process challenge to his detention, the

03 Court retains jurisdiction to consider that portion of petitioner's habeas petition challenging his

04 detention.

05       B.    <u>Injunctive Relief</u>

06       Petitioner seeks a preliminary injunction directing respondents to release him pending

07 adjudication of his Petition for Review in the Ninth Circuit.  The basic function of a preliminary

08 injunction is to preserve the *status quo ante litem* pending a determination of the action on the

09 merits.  *Los Angeles Memorial Coliseum Comm'n v. National Football League,* 634 F.2d 1197,

10 1200 (9th Cir. 1980).  In determining whether to grant a preliminary injunction, the Ninth Circuit

11 considers: (1) the likelihood of success on the merits; (2) the possibility of irreparable injury to

12 plaintiff if an injunction is not granted; (3) the extent to which the balance of hardships favor

13 plaintiff; and (4) whether the public interest will be advanced by the injunction.  *See, e.g., Los*

14 *Angeles Mem'l Coliseum Comm'n*, 634 F.2d at 1200.  The analysis is often compressed into a

15 single continuum where the required showing of merit varies inversely with the showing of

16 irreparable harm.  *See Prudential Real Estate Affiliates, Inc. v. PRP Realty, Inc.*, 204 F.3d 867,

17 874 (9th Cir. 2000).  The moving party may meet its burden by demonstrating either: (1) a

18 probability of success on the merits and the possibility of irreparable injury; or (2) that serious legal

19 questions are raised and the balance of hardship tips sharply in petitioner's favor.  *Los Angeles*

20

21       [3] "Whenever a civil action is filed in a court . . . and that court finds that there is want of

22 jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . ." 28 U.S.C. § 1631.

REPORT AND RECOMMENDATION
PAGE -5

01     *Mem'l Coliseum Comm'n,* 634 F.2d at 1201.

02         Respondents argue that any court ordered release of petitioner, *pendente lite*, would alter

03 the status quo – his detention – not preserve it.  (Dkt. #12 at 6).  Respondents argue that

04 petitioner actually seeks a mandatory preliminary injunction that goes well beyond maintaining the

05 status quo *pendente lite*, and thus the court should be extremely cautious about issuing a

06 preliminary injunction and should not grant relief unless the facts and the law clearly favor the

07 petitioner.  *Committee of Central American Refugees v. Immigration and Naturalization Serv.*,

08 795 F.2d 1434, 1441 (9th Cir. 1986).

09         The Court agrees that an injunction would not maintain the status quo, but would

10 command respondents to take affirmative action.  The Court, therefore, concludes that petitioner

11 seeks a mandatory injunction, and his request is subject to a higher degree of scrutiny because such

12 relief is "particularly disfavored."  *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir.

13 1994)(citing *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1976)).

14         The Court finds that petitioner does not satisfy either prong of the standard for a

15 preliminary injunction, as he has not shown a probability of success on the merits of his case, or

16 that serious legal questions are raised.  Petitioner claims that the BIA violated due process when

17 it failed to timely mail its decision to the correct address which resulted in petitioner's arrest and

18 detention without bond.  Petitioner contends that had he been notified that the BIA denied his

19 motion to reopen, "he would have timely filed a Petition for Review with a request to stay the

20 Removal Order and would have remained free pending disposition of the Petition for Review."

21 (Dkt. #11 at 2).  Petitioner maintains that "it was only because he was not notified of that decision

22 that an arrest warrant was issued."  *Id.*  Respondents argue that petitioner's claim that he was

REPORT AND RECOMMENDATION
PAGE -6

01   prejudiced due to the BIA's mailing error is entirely conjecture.  Respondents contend that had

02   petitioner filed a second Petition for Review earlier, the "removal period" imposed under INA §

03   241(a), 8 U.S.C. § 1231(a), would have placed petitioner's custody status in the same posture

04   today – "*i.e.*, an initial period of mandatory detention during the removal period, followed by

05   discretionary release/detention thereafter."  (Dkt. #12 at 2).

06        Petitioner's deportation case was heard and considered by an Immigration Judge  who

07   found him deportable and ordered him removed.  Petitioner's appeal to the BIA was unsuccessful.

08   Petitioner's first Petition for Review was considered and denied on the merits by the Ninth Circuit.

09   Petitioner's later motion to reopen his removal proceedings was denied by the BIA, and when the

10   BIA discovered its mailing error, reentered the denial order to afford petitioner an opportunity to

11   file another Petition for Review.  Petitioner filed a second Petition for Review which is currently

12   pending in the Ninth Circuit.

13        Petitioner fails to substantiate his claim or otherwise show how his due process rights were

14   violated by the BIA's now corrected mailing error.  *See, e.g., Lata v. INS*, 204 F.3d 1241, 1246

15   (9th Cir. 2001)(holding that an alien must show prejudice to prevail on a due process claim).

16   Accordingly, petitioner has not demonstrated a likelihood of success on the merits or that serious

17   legal questions are raised, and cannot meet the standard for injunctive relief.

18                                    **CONCLUSION**

19        For the foregoing reasons, I recommend that the portion of petitioner's habeas petition

20   challenging his detention be DENIED, and that the portion of petitioner's habeas petition

21   challenging the denial of his motion to reopen be TRANSFERRED to the Ninth Circuit Court of

22   Appeals under 28 U.S.C. § 1631.  A proposed Order accompanies this Report and

REPORT AND RECOMMENDATION
PAGE -7

01 │ Recommendation.

02 │      DATED this  8th  day of  March, 2006.

03 │

04 │ Mary Alice Theiler
   │ United States Magistrate Judge

05 │

06 │

07 │

08 │

09 │

10 │

11 │

12 │

13 │

14 │

15 │

16 │

17 │

18 │

19 │

20 │

21 │

22 │

REPORT AND RECOMMENDATION
PAGE -8