UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BISMARK USEA,

        Petitioner,

v.

MICHAEL CHERTOFF, et al.,

        Respondents.

CASE NO. C05-1755-JCC

ORDER

       This matter comes before the Court on Petitioner Bismark Usea's Petition for a Writ of Habeas Corpus (Dkt. No. 1), the Report and Recommendation ("R&R") of Magistrate Judge Mary Alice Theiler (Dkt. No. 16), Petitioner's Objections to the R&R (Dkt. No. 17), Respondents' Response thereto (Dkt. No. 18), and the balance of the record. After a *de novo* review of the record, the Court finds and rules as follows.

       Because the procedural history of this case is germane to the analysis in this Order, the Court will briefly restate the pertinent dates. On October 5, 2001, Petitioner was placed into removal proceedings. On May 2, 2002, an Immigration Judge ("IJ") denied Petitioner's request for asylum and withholding of removal, but granted voluntary departure with an alternate order of removal. Petitioner appealed this decision to the Board of Immigration Appeals ("BIA"). On October 6, 2003, the BIA issued a final order

ORDER – 1

affirming the IJ's decision and dismissing Petitioner's appeal. On November 3, 2003, Petitioner filed a Petition for Review of the BIA's order with the Ninth Circuit, which was denied on November 23, 2004. During the pendency of this petition, Petitioner's voluntary departure period was stayed from November 3, 2003 until December 15, 2004. In February 2005, Petitioner filed a Motion to Reopen his removal proceedings with the BIA, which the BIA denied on March 11, 2005. However, due to a mailing error, Petitioner did not learn of this denial until he was detained by the Department of Homeland Security on September 12, 2005. Thereafter, he filed a second Motion to Reopen and requested that the BIA reissue its March 11, 2005 decision, which the board did on November 21, 2005. Petitioner thereafter filed a second Petition for Review with the Ninth Circuit, which is currently pending.

Petitioner argues that his immigration proceedings violated his due process rights and he seeks a preliminary injunction directing Respondents to release him from detention pending adjudication of his Petition for Review with the Ninth Circuit. A preliminary injunction may be granted if the movant demonstrates either: (1) a probability of success on the merits and irreparable injury; or (2) serious questions going to the merits and that the balance of hardships tips sharply in its favor. *Rodde v. Bonta*, 357 F.3d 988, 994 (9th Cir. 2004). The Court finds that Petitioner's objections fail to demonstrate either a probability of success on the merits or the existence of serious legal questions going to the merits of his due process argument that would permit the issuance of a preliminary injunction, for the following reasons.

Principally, Petitioner argues that, but for the BIA's mailing error, he would not have been prevented from filing a timely appeal to the Ninth Circuit and thus would not have been taken into custody. However, this argument must fail in light of the INA's statutory removal provisions. The Secretary of Homeland Security is authorized to detain aliens after a removal order becomes final. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). In the present case, Petitioner's voluntary departure period began on October 6, 2003—the date when the BIA dismissed Petitioner's appeal and affirmed the IJ's May 2, 2002 decision. *See Zazueta-Carrillo*, 322 F.3d

ORDER – 2

1166, 1174 (9th Cir. 2003) (holding that a voluntary departure period begins when an IJ or the BIA enters an order granting voluntary departure). The alternate order of removal became final after the expiration of Petitioner's voluntary departure period. *See* 8 C.F.R. § 1241.1(f) (alternate order of removal becomes final upon overstay of voluntary departure period). The record is not clear on precisely when Petitioner's voluntary departure period ended. However, assuming that Petitioner's voluntary departure period was the statutory maximum of sixty days under 8 U.S.C. § 1229c(b)(2), the Court has determined that Petitioner's voluntary departure period would have expired by the end of January 2005.[1] Significantly, this expiration date was *before* Petitioner filed his second Motion to Reopen with the BIA on February 2, 2005. Accordingly, because Petitioner was subject to a final order of removal—and therefore eligible for detention—at the time he *filed* his second Motion to Reopen, he cannot now argue that his detention is due exclusively to his inability to file a timely appeal with the Ninth Circuit following the denial of that motion.

Furthermore, Petitioner has failed to satisfy the standard for making out a due process violation. "To prevail on a due process challenge to deportation proceedings, [Petitioner] must show error and substantial prejudice." *Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000). "A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings." *Id.* The only direct result of the BIA's mailing error was to prevent Petitioner from timely filing a second Petition for Review with the Ninth Circuit. However, the BIA reissued its March 11, 2005 decision on November 21, 2005, and expressly made its new decision administratively final for purposes of an appeal. Petitioner thereafter filed his second Petition for Review, which is now pending before the Ninth Circuit. Because

---

[1] The Court has computed the date of expiration of Petitioner's voluntary departure period pursuant to the method of date calculation set forth in FED. R. APP. P. 26(a). *See Salvador-Calleros v. Ashcroft*, 389 F.3d 959, 965 (9th Cir. 2004) (holding that Rule 26(a) applies to the computation of voluntary departure periods). The Court's calculation also takes into account the stay on Petitioner's voluntary departure period during the pendency of his first Petition for Review with the Ninth Circuit from November 3, 2003 to December 15, 2004.

ORDER – 3

the BIA reissued its decision, Petitioner was afforded the precise opportunity that the mailing error initially had denied him—and he has taken full advantage of this opportunity.

Petitioner's detention is not the exclusive result of the BIA's mailing error, and his detention is entirely consistent with statutory removal proceedings. Moreover, because Petitioner has been afforded the opportunity to file an appeal despite the mailing error, he cannot show any resulting prejudice therefrom.

For the foregoing reasons:

(1) The Court ADOPTS the Report and Recommendation;

(2) The portion of Petitioner's habeas petition challenging his detention is DENIED. This Court is without jurisdiction to consider Petitioner's challenge to the denial of his Motion to Reopen. Accordingly, the portion of Petitioner's habeas petition challenging the denial of his Motion to Reopen is TRANSFERRED to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631; and

(3) The Clerk is DIRECTED to send copies of this Order to the parties and to the Honorable Mary Alice Theiler, United States Magistrate Judge.

SO ORDERED this 5th day of May, 2006.

John C. Coughenour
United States District Judge

ORDER – 4